| | |
|---|---|
| | JS-6 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5085 PA (ASx) | Date | July 19, 2016 |
|---|---|---|---|
| Title | Property Mgmt. Associates v. Maria S. Grain, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  The Court is in receipt of a Notice of Removal filed by defendant Maria S. Grain ("Defendant") on June 21, 2016.  (Docket No. 1.)  In the Complaint, plaintiff Property Management Associates ("Plaintiff") alleges a single state law claim for unlawful detainer.  Defendant, appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of a federal question jurisdiction.  See 28 U.S.C. § 1331.

  Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

  Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, the plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

  Here, the underlying Complaint contains only a single cause of action for unlawful detainer.  Defendant alleges that removal is proper because Plaintiff's actions violate the Protecting Tenants at Foreclosure Act (the "PTFA"), 12 U.S.C. § 5220.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5085 PA (ASx) | Date | July 19, 2016 |
|---|---|---|---|
| Title | Property Mgmt. Associates v. Maria S. Grain, et al. | | |

Section 702(a) of the PTFA provides,

> In the case of any foreclosure on . . . any dwelling or residential real property . . . any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure –
>
>> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>>
>> (B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1), . . . .

If a successor in interest violates the provisions of the PTFA, then a tenant may have a claim for the violation, but a successor in interest in a foreclosed property does not eject occupants by alleging a federal claim under the PTFA. Rather, the PTFA merely provides terms with which the successor in interest must comply. Accordingly, this action does not "arise under" the PTFA. Moreover, Defendant's allegations concerning Plaintiff's potential violations of the PTFA do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

Additionally, this appears to be the third time that Defendant has filed a Notice of Removal for the same complaint. Defendant's first Notice of Removal was filed on May 31, 2016, and was assigned case number CV 16-3785 PA (ASx). The Court remanded that case on June 6, 2016, because Defendant's asserted federal defense pursuant to the PTFA did not establish a basis for removal. Defendant's second Notice of Removal was filed on June 21, 2016, and was assigned case number CV 16-4489 PA (ASx). The case was remanded for a second time on June 27, 2016, for the same reason.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5085 PA (ASx) | Date | July 19, 2016 |
|---|---|---|---|
| Title | Property Mgmt. Associates v. Maria S. Grain, et al. | | |

A successive removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a successive attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

In the June 27, 2016 Minute Order which remanded this action for a second time, the Court expressly warned Defendant:

> Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a successive removal. The current Notice of Removal does not contain any new and different ground for removal and is not based on a substantial change in the nature of the case since it was last in this Court. Defendant has now impermissibly attempted to remove this action twice on the same grounds (i.e., the existence of a federal defense). Such successive removals are improper and unjustified. **Any further attempts to remove this action may subject Defendant to the imposition of sanctions.**

(Case No. CV 16-4489 PA (ASx), Docket No. 7 (emphasis added).)

Ignoring this clear directive, Defendant has now removed the same Complaint, advancing an identical argument for federal question jurisdiction under the PTFA, for a third time. **If Defendant attempts to remove this action again, the Court will impose sanctions which may include a monetary component. This is Defendant's final warning.**

For the foregoing reasons, Defendant has failed to meet her burden of showing that federal question jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 16B00982. See 28 U.S.C. § 1447(c). The Application to Proceed In Forma Pauperis (Docket No. 3) is denied as moot.

IT IS SO ORDERED.